**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0208-WJM-KMT

BRITNEY FUQUA,

    Plaintiff,

v.

CELEBRITY ENTERPRISES, INC., d/b/a CELEBRITY TATTOO DENVER, and CELEBRITY ENTERPRISES, LLC., d/b/a CELEBRITY TATTOO agent of ZEKE PUSATERI,

    Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

---

    Plaintiff Britney Fuqua brings this action against Defendants Celebrity Enterprise, Inc. and Celebrity Enterprise, LLC (together "Defendants") alleging, amongst other claims, that she was discriminated against and subjected to a hostile work environment based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, and that she was denied wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq*.  (ECF No. 1.)

    Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion").  (ECF No. 5.)  For the reasons set forth below, Defendants' Motion is DENIED.

## I. LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## II.  ANALYSIS

Plaintiff's Complaint states that this Court has federal question jurisdiction over the above-captioned action because Plaintiff bring claims under both Title VII, 42 U.S.C. § 2000e *et seq.* and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (ECF No. 1, ¶ 1.)  Defendants contend that these statutes do not confer on this Court jurisdiction over Plaintiff's case.  Defendants also argue that Plaintiff's claim under the Colorado Wage Act fails.  The Court will address each of these statutes in turn below.

**A.**   **Title VII**

Pursuant to 28 U.S.C. § 1331, this federal Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treatises of the United States."  Title VII was enacted by the United States Congress in 1964 and is, therefore, a law of the United States.  Regardless, Defendants contend that Title VII does not confer jurisdiction on this Court because they are not "employers", as such term is defined in the statute.  (ECF No. 5 at 3.)

The "Definitions" section of Title VII states, in pertinent part, as follows: "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b).  Defendants contend that the Court lacks jurisdiction over Plaintiff's Title VII claims because they are not "engaged in an industry affecting commerce." (ECF No. 5 at 3.)  However, the issue of whether a defendant is an employer for purposes of Title VII is not jurisdictional; rather, it is a substantive element of the

offense.  *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 516 (2006)

In *Arbaugh*, the Supreme Court addressed the qualification that, to qualify as an "employer" for Title VII purposes, a business must have at least fifteen employees.  The Court held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id*.  This holding forecloses Defendants' argument that whether they are "engaged in an industry affecting commerce" is jurisdictional.  The requirement that a defendant be engaged in a business affecting commerce appears in the same statutory section as the fifteen employee requirement.  *See* 42 U.S.C. § 2000e(b).  Therefore, despite Defendants' contentions to the contrary[1], the Court finds that *Arbaugh* is binding and that the issue of whether Defendants are engaged in an industry affecting commerce does not affect whether this Court has jurisdiction over Plaintiff's Title VII claims.  *See E.E.O.C. v. Service Temps,* Civil Action No. 3:08-cv-1552-D, 2010 WL 5108733, at *2 (N.D. Tex. Dec. 9, 2010) (applying the "logic and reasoning of *Arbaugh*" to the "affecting commerce" requirement in the definition of employer in Title VII).

Accordingly, Defendants' Motion to Dismiss is denied to the extent it seeks to dismiss Plaintiff's Title VII claims based on lack of jurisdiction.[2]

---

[1] Defendant contends that, were the Court to apply *Arbaugh* here, it would call into question the constitutionality of the entire Title VII statutory scheme.  (ECF No. 7 at 2-3.)  To the extent Defendants are asking the Court to consider whether, by enacting Title VII, Congress exceeded its authority under the Commerce Clause, the Court declines this invitation.

[2] It appears that, in light of *Arbaugh*, the proper manner for challenging the issue of whether a defendant is "engaged in a business affecting commerce" is through a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, because Defendants have already filed this Rule 12 motion, the undersigned's Revised Practice Standards forbid any additional motion practice under Rule 12.  *See* WJM Revised Practice Standard III.D.2 ("All requests for relief under any part of Fed. R. Civ. P. 12

### B.     Fair Labor Standards Act

Plaintiff also brings a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (ECF No. 1 ¶¶ 72-80.) Defendants contend that the FLSA does not apply because Plaintiff was not an "employee" of Defendants. (ECF No. 5 at 4-6.)

The instant Motion is brought solely under Rule 12(b)(1), which allows a party to challenge the Court's subject matter jurisdiction. Therefore, the only issue raised here is whether the Court has subject matter jurisdiction over Plaintiff's Wage Act claim. Defendants have not cited any authority for the contention that whether a plaintiff is an "employee" for purposes of the FLSA is a jurisdictional issue. As discussed above, the Supreme Court has held that definitional requirements in a statutory scheme—such as who is an "employer" or "employee"—are more properly considered an element of the offense rather than a jurisdictional issue. *See Arbaugh*, 546 U.S. at 516. Even if the Court were to agree with Defendants and find that Plaintiff was not their employee,[3] such finding would not strip the Court of jurisdiction. *See Diaz v. Ming & Kent, Inc.*, No. C 09-05774 RS, 2010 WL 890040, at * (N.D. Cal. March 8, 2010).

Accordingly, Defendants' Motion to Dismiss is denied to the extent it seeks dismissal of Plaintiff's FLSA claim for lack of jurisdiction.

### C.     Colorado Wage Act

Plaintiff also brings a claim for violation of the Colorado Wage Act, Colo. Rev.

---

must be brought in a single motion.").

[3] The Court notes that Plaintiff has alleged that she was hired by Defendants as a receptionist and has submitted pay checks showing that she was paid by Defendants. (ECF Nos. 6 & 6-1.)

Stat. § 8-4-101 *et seq*.  (ECF No. 1 ¶¶ 81-85.)  Defendants contend that a "threshold question" with respect to Plaintiff's Wage Act claim is whether Plaintiff was a "covered employee."  (ECF No. 5 at 6.)  As with the FLSA claim, Defendants argue that Plaintiff was not an employee and therefore that the Court should dismiss this claim.

As with the FLSA claim, Defendants fail to explain how whether Plaintiff was an employee is relevant to whether the Court has jurisdiction over Plaintiff's Wage Act claim.  Because Plaintiff's Wage Act claim is closely related to Plaintiff's FLSA claim, the Court finds that it has supplemental jurisdiction over the Wage Act claim.  *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Accordingly, Defendants' Motion to Dismiss is denied to the extent it seeks dismissal of Plaintiff's Wage Act claim.

### III.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 5) is DENIED.

Dated this 17th day of September, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge