**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0208-WJM-KMT

BRITNEY FUQUA,

    Plaintiff,

v.

CELEBRITY ENTERPRISES, INC., d/b/a CELEBRITY TATTOO DENVER, and CELEBRITY ENTERPRISES, LLC., d/b/a CELEBRITY TATTOO agent of ZEKE PUSATERI,

    Defendants.

---

## ORDER TO ENFORCE SETTLEMENT AGREEMENT

---

Before the Court is Plaintiff Britney Fuqua's Motion to Enforce Settlement Agreement ("Motion") against Defendants Celebrity Enterprise, Inc. and Celebrity Enterprise, LLC ( "Defendants").  (ECF No.53.)  The Motion is ripe for adjudication because Defendants have not filed a Response.[1]  The Court Ordered that if Defendants did not file a Response by April 24, 2013, the Plaintiff's Proposed Order for Judgement would be entered against Defendants.  (ECF No. 54.)

For the reasons set forth below, Plaintiff Motion is granted and Judgment will be entered, accordingly.

---

[1] To provide context, the instant Motion arose out of Plaintiff's action that she was discriminated against and subjected to a hostile work environment based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and that she was denied wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (ECF No. 1.)

## I. BACKGROUND

**A.     Factual Background**

On February 1, 2013, the parties filed a Notice of Settlement stating that "settlement ha[d] been reached between Plaintiff and Defendants." (ECF No. 48.) The Notice of Settlement was based upon a Settlement Agreement that the parties entered into between January 24, 2013 and February 1, 2013. (ECF No. 53-1). Pursuant to the Settlement Agreement, Defendants were required to pay Plaintiff $10,000 to resolve Plaintiff's employment action. (*Id.*) In consideration for this sum, Plaintiff agreed to dismiss *with prejudice* all claims after receiving payment. (*Id.*) Payment of the $10,000 has never been received. (ECF No. 53 at 1-2.)

Since filing the Notice of Settlement, Plaintiff's counsel has communicated with the attorneys for the Defendants on numerous occasions in attempt to resolve this matter without further Court intervention. (*Id.* at 2.) Plaintiff has been informed by Defendants' counsel that they are now *not* communicating with Defendants. Defendants did not provide any plan on how it would pay Plaintiff the amount agreed in the Settlement Agreement. (*Id.* at 2.)

Plaintiff's counsel has also been informed by Defendants' counsel that they take no position as to the relief sought in the instant Motion. (*Id.*)[2]

---

[2] The Court also notes that there is a Motion for Summary Judgment on the record. (ECF No. 39.) However, that Motion is now moot given the signed Settlement Agreement by the parties, and by grant of the instant motion. (ECF No. 53.)

**B.     Procedural Background**

On February 1, 2013, the parties filed a Notice of Settlement. (ECF No. 48.) Upon acknowledgment of same, Magistrate Judge Kathleen M. Tafoya ordered that the parties were to file dismissal papers consistent with Fed. R. Civ. P. 41 by no later than March 4, 2013. (ECF No. 49.)

On March 7, 2013 the parties filed—and the Judge Tafoya granted—an Extension of Time to Provide Settlement Documents. Judge Tafoya's Order stated that the parties were to file dismissal papers by no later than April 3, 2013. (ECF Nos. 52.)

On April 11, 2013, Plaintiff filed the instant Motion to Enforce Settlement Agreement. (ECF No. 53.) That Motion attached a copy of the signed Settlement Agreement seeking that Defendants comply with the terms of same (ECF No 53-1), and that Judgment be entered in accordance with Plaintiff's proposed Order. (ECF No. 53-2.) On April 17, 2013, the Court set a briefing schedule for Defendants to file a Response to Plaintiff's Motion to Enforce Settlement Agreement. (ECF No. 54.) That Order provided:

> This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement. (ECF No. 53.) Defendants will have until **April 24, 2013** to file a Response to Plaintiff Motion; no Reply will be accepted. Should a Response **not** be filed by Defendants, the Court will **enter Judgment in accordance with Plaintiff's proposed Order.** (ECF No. 53-2.) Alternatively, should the Parties resolve the Settlement Agreement dispute before April 24, 2013, the Parties will jointly file dismissal papers consistent with Fed. R. Civ. P. 41 not later than **April 25, 2013.**
> *(emphasis added.)*

*See*, ECF No. 54. Given that Defendants have not filed a Response, the instant Motion is now ripe for disposition.

## II.  ANALYSIS

The Court grants Plaintiff's Motion to Enforce Settlement for two reasons.  First, and put simply, Defendants have failed to file a Response to the Motion, as directed to by this Court. The Court's Order (ECF No. 54) expressly stated that "[s]hould a Response not be filed by Defendants, the Court will enter Judgment in accordance with Plaintiff's proposed Order."  They have not done so.

Because Defendants have not filed a Response, the Court has little choice but enforce its own Order.  Given the lack of opposition from Defendants, the Court thus adopts Plaintiff's arguments, and grants her Motion to Enforce Settlement.  *See United States v. McClatchey*, 217 F.3d 823, 835-36 (10th Cir. 2000); *Meyer v. Bd. of County Comm'rs,* 482 F.3d 1232, 1242 (10th Cir. 2007) (stating that courts are are not "charged with making the parties' arguments for them");  *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir.1992)  ("A litigant who fails to press a point by supporting it with pertinent authority . . . forfeits the point.")

Second, and independent of the first reason, the Court finds that the Settlement Agreement conforms with Colorado common law principles allowing enforcement of such contracts.  Specifically, it is well established that "issues involving the formation of a purported settlement agreement are resolved by applying state contract law." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004); *Evans–Carmichael v. United States*, 250 F. App'x 256, 262 (10th Cir. 2007); *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008) (stating that settlement agreements may be "governed by and found enforceable under common law contract principles"); *Shoels,* 375 F.3d at 1060 (stating that a trial court has the power to enforce summarily a settlement agreement entered into by the

litigants while the litigation is pending before it.)

In reviewing the contract, a district court has an obligation to effectuate the intent of the parties to the settlement agreement "according to the plain language and meaning of the contract." *Chandler–McPhail v. Duffey*, 194 P.3d 434, 438 (Colo. App. 2008). The court will "enforce the contract as written unless there is an ambiguity in the language." *Id.* When the terms of the contract are unambiguous and are negotiated and accepted by the parties, the court may consider the settlement as an enforceable contract. *See Yaekle*, 195 P.3d at 1111; *see also Shoels*, 375 F.3d at 1054 (noting that trial courts have the power to enforce settlement agreements entered into by litigants).[3]

Here, the Court finds no ambiguity in the plain language of the Settlement Agreement; nor has either party argued as much. Indeed, Defendants have foregone the right to make that argument by failing to file a Response in accordance with Court's Order. (ECF No. 54.) Based on the facts provided by Plaintiff, the parties orally negotiated a settlement in late January, which was reduced to a written agreement. (ECF No. 53-1.) This is clearly reflected in Exhibit 1, which is signed by the relevant parties. (*Id.* at 3-4.)

Accordingly, the Court finds that a binding contract exists for the purposes of the instant Motion and—consistent with Colorado common law—the parties' Settlement

---

[3] *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App.2001.) ("If, however, the terms or existence of the settlement are in dispute, an evidentiary hearing is required.") In this case, Defendants' counsel takes no position as to the whether the terms are disputed. (ECF No. 52 at 2.) And because Defendants are not communicating with their own counsel, and did not file a Response, any right to an evidentiary hearing is foreclosed.

Agreement, and its terms therein, are enforceable as a Court Order.[4]

### III. CONCLUSION

The Court having reviewed the Settlement Agreement, and all related exhibits, in relation to Plaintiff's Motion (ECF No. 53), hereby ORDERS as follows:

1. Plaintiff's' Motion to Enforce Settlement Agreement (ECF No. 53) is GRANTED, with costs for the entire proceedings to be taxed by the Clerk of the Court.

2. The Court has reviewed the Settlement Agreement (ECF No. 53-1) and APPROVES the Settlement Agreement and ENTERS same, under seal, as an Order of the Court.

3. The Court directs the Clerk of the Court to enter Judgment in accordance with Plaintiff Proposed Order of Judgment (ECF No. 53-2), and attach as an exhibit to same, under seal,[5] the Settlement Agreement. (ECF No. 53-2.)

---

[4] Even though there is no evidence in the record of any formal mediation proceeding, the Court finds that the Settlement Agreement would also conform with Colorado Revised Statute § 13–22–308. That section prescribes five elements to reduce a settlement agreement to an enforceable Court Order: (1) an agreement by the parties; (2) the agreement be reduced to writing; (3) the written agreement be approved by the parties; (4) the parties signed the written agreement; and (5) the Court approve the agreement. Given that the Court approves of the Settlement Agreement, it is therefore enforceable as a Court Order under Dispute Resolution Act. *Cf. Yaekle*, 195 P.3d at 1008. (holding that the Dispute Resolution Act "did not mandate a single method that must be followed for the formation of a binding agreement [in] mediation....")

[5] The Court notes that it places the Settlement Agreement under seal in accordance with the confidentiality obligations expressed in same. This is done only as a precautionary measure should Plaintiff wish to preserve the confidentiality in the Settlement Agreement. The Court finds that Defendants waived their right to any confidentiality in the Agreement after they failed to provide a Response to Plaintiff's Motion as directed by the Court. (ECF Nos. 53-54.)

4. Defendants' Motion for Summary Judgment (ECF No. 39) is DENIED AS MOOT, consistent with the instant Order.

Dated this 1st day of May, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge